IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03132-STV

JACK E. ROONEY,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
A/K/A ALLSTATE INSURANCE COMAPNY,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (the "Motion") [#39]. The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##12, 14] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion. For the following reasons, the Motion is **DENIED**.

I.    **BACKGROUND**

The instant action arises out of a November 1, 2016 automobile accident in which Plaintiff's vehicle was struck by a vehicle driven by an underinsured motorist. [#3 at ¶¶ 5-8] At the time of the accident, Plaintiff had underinsured motorist insurance coverage through an insurance policy issued by Defendant Allstate Fire and Casualty Insurance

Company ("Allstate").[1] [#46-2, SSOF1] In the process of evaluating Plaintiff's claim for underinsured coverage, Allstate used the Mitchell Decision Point ("MDP") program. [*Id.* at SSOF2] The MDP is a software system used by Allstate adjusters as part of their evaluation of claims to evaluate the frequency and duration of treatment, the necessity of treatment, and the cost of that treatment. [*Id.*] With respect to the cost of treatment, the MDP generates an amount based upon a government database comprised of Medicare reimbursement rates for certain providers or facilities in specific regions. [*Id.* at SSOF3; *see also* #44 at 1] The MDP doubles the approved Medicare rate and utilizes that figure for use in comparison to the billed medical services. [*Id.*] Allstate maintains that the adjuster is not required to use the MDP figure. [#46-2 at SSOF3; *see also* #44 at 2] Plaintiff is not eligible for, or covered by, Medicare. [#46-2 at SSOF23]

On December 1, 2017, Plaintiff filed the instant action against Allstate in Douglas County District Court. [#3] Plaintiff's Complaint alleges breach of contract, statutory bad faith, and common law bad faith. [*Id.* at 3-5] Allstate removed the matter to this Court based on diversity jurisdiction. [#1] On March 1, 2019, Plaintiff filed the instant Motion. [#39] Plaintiff's Motion asks the Court to hold, as a matter of law, that Allstate's use of the MDP in evaluating first-party bodily injury claims is unreasonable as a matter of law. [*Id.* at 14] Defendant has responded to the Motion [#44] and Plaintiff has replied [#45].

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The undisputed facts are drawn from the Separate Statement of Facts filed with Plaintiff's Motion [#46-2]. The Court refers to the sequentially numbered facts set forth in the Motion as the "SSOF#."

of law."[2] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994). When the moving party bears the burden of persuasion at trial, "the moving party must establish, as a matter of law, all essential elements of the [claim on which summary judgment is sought] before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). In other words, the moving party "must support its motion with credible evidence showing that, if uncontroverted, the moving party would be entitled to a directed verdict." *Rodell v. Objective Interface Sys., Inc.*, No. 14-CV-01667-MSK-MJW, 2015 WL 5728770, at *3 (D. Colo. Sept. 30, 2015) (citing *Celotex Corp.*, 477 U.S. at 331). "The burden then shifts to the non-moving party to produce evidence demonstrating the existence of a genuine factual issue for trial." *Id.*

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require

---

[2] Defendant argues that Plaintiff's Motion does not dispose of a claim and, as a result, is not a motion for summary judgment. [#44 at 19] The Court disagrees. Plaintiff's Motion asks the Court to hold, as a matter of law, that Allstate's use of MDP in evaluating first-party bodily injury claims is unreasonable. [#39 at 14] A necessary element of Plaintiff's bad faith claim is that Allstate unreasonably denied insurance benefits. *See Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 417 (Colo. 2004). Plaintiff's Motion thus seeks judgment as a matter of law on a necessary element of Plaintiff's bad faith claim, which is proper under Rule 56. Fed. R. Civ. P. 56(a) (authorizing a party to move for summary judgment on a "claim or defense—or the part of each claim or defense").

submission to a jury.  *See Anderson,* 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.,* 812 F.2d 621, 623 (10th Cir. 1987).  Evidence, including testimony, offered in support of or in opposition to a motion for summary judgment must be based on more than mere speculation, conjecture, or surmise.  *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson,* 477 U.S. at 248.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  In reviewing a motion for summary judgment, the Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party."  *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

## III. ANALYSIS

Plaintiff's Motion is rooted in Colorado's collateral source rule.[3]  Under that rule, "compensation or indemnity received by an injured party from a collateral source, wholly independent of the wrongdoer and to which the wrongdoer has not contributed, will not diminish the damages otherwise recoverable [by the injured party] from the wrongdoer." *Forfar v. Wal-Mart Stores, Inc.*, 436 P.3d 580, 583 (Colo. App. Aug. 23, 2018) (quoting *Colo. Permanente Med. Grp., P.C. v. Evans*, 926 P.2d 1218, 1230 (Colo. 1996)), *cert.*

---

[3] The Court's jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a) and therefore the Court applies the substantive law of Colorado.  *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1223 (10th Cir. 2016).

4

*denied*, 2019 WL 1236858 (Colo. Mar. 18, 2019); *see also* Colo. Rev. Stat. § 10-1-135(10)(a). Accordingly, evidence of "any collateral source payment or benefits" is inadmissible at trial "in any action against an alleged third-party tortfeasor." Colo. Rev. Stat. § 10-1-135(10)(a). This is because "making the injured plaintiff whole is solely the tortfeasor's responsibility. Any third-party benefits . . . obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability." *Volunteers of Am. Colo. Branch v. Gardenswartz*, 242 P.3d 1080, 1082-83 (Colo. 2010). Generally, "the correct measure of damages is the necessary and reasonable value of the [medical] services rendered, rather than the amount . . . paid for such services," though amounts paid can give "some evidence" of reasonable value. *Kendall v. Hargrave*, 349 P.2d 993, 994 (Colo. 1960). "Amounts paid" evidence, however, is inadmissible in a collateral source case, including for determining reasonable value of medical services, because of the "unjustifiable risk that the jury will infer the existence of a collateral source—most commonly an insurer—from the evidence, and thereby improperly diminish the plaintiff's damages award." *Wal-Mart Stores, Inc. v. Crossgrove*, 276 P.3d 562, 567 (Colo. 2012).

After trial, however, the court must reduce a successful plaintiff's verdict by the amount the plaintiff has been compensated by a third party, *i.e.* by any collateral source, unless the third party payment was the result of a contract entered into and paid for by the plaintiff. Colo. Rev. Stat. § 13-21-111.6. Colorado courts have consistently found that various types of benefits programs, including Medicaid, Medicare, and Social Security, constitute contracts paid for by the plaintiff. *Forfar*, 436 P.3d at 587-88

5

(collecting cases). Thus, payments from these programs cannot offset any amounts owed to a plaintiff. *Id.*

Relying on this authority, Plaintiff argues that Allstate's use of Medicare reimbursement rates in evaluating a first-party bodily injury claim is per se unreasonable. [*See generally* #39] According to Plaintiff, the Medicare reimbursement rates are both inadmissible at trial and irrelevant in determining the amount of medical expenses an injured party is legally entitled to collect. [*Id.* at 3-5, 9] Thus, Plaintiff concludes, Allstate's consideration of this data during its evaluation of a claim through the MDP is per se unreasonable. [*Id.*]

The Court disagrees with Plaintiff's conclusion. Contrary to Plaintiff's argument, the fact that certain evidence may be inadmissible at trial does not necessarily render that evidence irrelevant. As explained by the Colorado Supreme Court in *Wal-Mart Stores v. Crossgrove*, Colorado courts prohibit the introduction of amounts paid evidence because of the "unjustifiable risk that the jury will infer the existence of a collateral source . . . and thereby improperly diminish the plaintiff's damages award." 276 P.3d at 567. Nonetheless, the Colorado Supreme Court has held that "the correct measure of damages is the necessary and reasonable value of the [medical] services rendered" and that amounts paid can give "some evidence" of reasonable value. *Kendall*, 349 P.2d at 994. Even after the *Crossgrove* decision, the Colorado Court of Appeals has continued to cite this proposition from *Kendall v. Hargrave*. *See Forfar*, 436 P.3d at 583. Thus, Colorado courts have not necessarily declared amounts paid irrelevant to evaluating the reasonableness of medical expenses, but rather have concluded that the risk of juries

inferring the existence of a collateral source outweighs the benefit of introducing amounts paid evidence at trial.

Plaintiff further argues that Medicare rates are discounted, and therefore do not reflect the reasonable value of services rendered. [#39 at 10] The Colorado Court of Appeals has recognized that discounted rates paid by third-party payors—such as insurers or the federal government—may not represent the reasonable value of services rendered because the providers accept less than the billed amount in exchange for prompt payment, assured collectability, and other benefits. *Crossgrove v. Wal-Mart Stores, Inc.*, 280 P.3d 29, 32 (Colo. App. 2010). This does not mean, however, that it is per se unreasonable for an insurance company to consider *twice* the value of Medicare rates *as one factor* in evaluating the reasonableness of the charged expenses. Nor has Plaintiff provided the Court with any evidence from which the Court could conclude that doubling Medicare rates produces such unrealistic figures that Allstate's consideration of those figures is per se unreasonable. Ultimately, the jury must determine whether Allstate's use of the Medicare reimbursement rate for the MDP calculation to evaluate Plaintiff's claim was reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment [#39] is **DENIED**.


DATED: April 29, 2019                    BY THE COURT:

                                                                                    s/Scott T. Varholak
                                                                                   United States Magistrate Judge

7