**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17 cv-03132-STV

JACK E. ROONEY,

     Plaintiff,

vs.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY A/K/A ALLSTATE
INSURANCE COMPANY,

     Defendant.
_____

**ORDER RE: OBJECTIONS TO DEPOSITION DESIGNATIONS**
_____

This matter comes before the Court on the Parties' Joint Statement Re:
Objections to Deposition Designations (the "Joint Statement") [#103]. The parties' have
consented to have a United States magistrate judge conduct all proceedings in this
action, including the entry of a final judgment [#12, 14], and this matter is set for a jury
trial commencing on February 3, 2020 [#92]. This Court has carefully considered the
parties' submission and exhibits, the entire case file, and the applicable case law, and
has determined that oral argument would not materially assist in the disposition of the
objections.

The instant action arises out of a November 1, 2016 automobile accident in
which Plaintiff Jack E. Rooney's vehicle was struck by a vehicle driven by an
underinsured motorist. [#3, ¶¶ 5-8] At the time of the accident, Plaintiff had underinsured
motorist insurance coverage through an insurance policy issued by Defendant Allstate

Fire and Casualty Insurance Company ("Allstate"). [*Id.* at ¶¶ 10] On December 1, 2017, Plaintiff filed this lawsuit against Allstate asserting claims for breach of contract, statutory bad faith, and common law bad faith. [*Id.* at 3-5]

In the course of discovery, Plaintiff served Defendant with a notice of deposition that identified the topics for examination pursuant to Federal Rule of Civil Procedure 30(b)(6). On March 12, 2019, Defendant served objections to the topics identified in the notice. [#106-9] On March 15, 2019, Plaintiff served Defendant with the Amended Notice of 30(b)(6) Deposition of Allstate Insurance Company (the "Amended Notice"), which identified the eleven topics for examination. [#103-2] On March 26, 2019, Plaintiff took the videotaped deposition of Aaron Johnson—the individual Defendant designated to testify on its behalf in response to the Amended Notice. [#103-1]

On January 17, 2020, in preparation for trial, the parties submitted the Joint Statement and attached thereto a complete transcript of Mr. Johnson's deposition testimony that identifies all of Plaintiff's proposed designations of testimony to be offered to the jury at trial, and Defendant's objections thereto. [#103, 103-1] The Joint Statement contains a chart identifying the basis for Defendant's objections.

For purposes of delivering its ruling on the objections, the Court has added a column to the chart contained in the Joint Statement which is populated with the Court's ruling and a brief explanation for that ruling.

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 1 | Page 32, line 22-Page 33, line 1<br>Q. Does Allstate agree that it owes its insured the duty to conduct a reasonable investigation based upon all available information?<br>A. Yes | Misstates the law | Overruled. Question not framed as a statement of law—duty that is "owed" could be contractual, business practices, or legal. To extent interpreted as statement of law, not prejudicial. *See* Colo. Rev. Stat. § 10-3-1104(h)(IV) (prohibiting "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information"). With regard to this entire line of questioning (Objection #1-7, 9) the Court may instruct the jury that the Court will provide them with the legal principles they must apply. |
| 2 | Page 34, line 23-Page 35, line 1<br>Q. Does Allstate understand that it cannot delegate its duty to investigate to anyone else?<br>A. Yes | Legal conclusion; vague; misstates the law | Overruled. Asks only for Allstate's understanding of its obligation. To extent interpreted as statement of law, not prejudicial. *See Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003) ("The duty is non-delegable so that insurers cannot escape their duty of good faith and fair dealing by delegating tasks to third parties.") |
| 3 | Page 37, line 18-Page 37, line 22<br>Q. Does Allstate understand that it may not refuse to pay claims without first conducting a reasonable investigation based upon all available information?<br>A. Yes. | Misstates the law; legal conclusion | [Same as Objection #1] |
| 4 | Page 39, line 4-Page 39, line 13<br>Q. does Allstate understand that it is inappropriate for it to compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds?<br>A. I disagree that it's inappropriate if we have a reasonable disagreement on the value | Legal conclusion; misstates C.R.S. §10-3-1104 | Overruled. Asks only for Allstate's understanding of its obligation. To extent interpreted as statement of law, not prejudicial. Colo. Rev. Stat. § 10-3-1104(h)(VII) (prohibiting "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered") |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 5 | Page 39, line 23-Page 40, line 10<br>Q. So Allstate does think that it can appropriately compel its insureds to institute litigation to recover amounts due under an insurance policy by offering them substantially less than the amounts that they will ultimately recover in actions brought by them?<br>A. And I disagree with the notion that we would compel them to initiate litigation. We would try to resolve the dispute.· If they feel that it's unable to be resolved and they want to file litigation, they have that right. | Legal conclusion; misstates C.R.S. §10-3-1104 | [Same as Objection #4] |
| 6 | Page 43, line 1-Page 43, line 10<br>Q. Does Allstate understand that it is inappropriate for it to--for it to delay the investigation or payment of a claim by requiring the insured, the claimant, or a physician to submit a preliminary claim report and then requiring subsequent submissions of formal proof of loss forms, both of which submissions contain substantially the same information?<br>A. Generally, yes. | Legal conclusion; misstates C.R.S. §10-3-1104 | Overruled. Asks only for Allstate's understanding of its obligation. To extent interpreted as statement of law, not prejudicial. Colo. Rev. Stat. § 10-3-1104(h)(XII) (prohibiting "[d]elaying the investigation or payment of claims by requiring an insured or claimant, or the physician of either of them, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information") |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 7 | Page 44, line 16-Page 44, line 22<br>Q. Does Allstate understand that it is inappropriate for it to fail to promptly provide a reasonable explanation on the basis in the insurance policy in relation to the facts or applicable law for a denial of a claim or for the offer of a compromise settlement?<br>A. Yes. | Legal conclusion; misstates C.R.S. §10-3-1104 | Overruled. Asks only for Allstate's understanding of its obligation. To extent interpreted as statement of law, not prejudicial. Colo. Rev. Stat. § 10-3-1104(h)(XII) (prohibiting "[f]ailing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement") |
| 8 | Page 47, line 1-Page 47, line 11<br>Q. And Allstate would never demand an appraisal on a bodily injury claim?<br>A. That particular segment does not apply to a bodily injury claim, no.<br>Q. Okay.· Is there anything precluding Allstate from doing that with its insured?<br>A. Not that I am aware of.<br>Q. Just because it's not provided for explicitly, as you allege, in relation to the bodily injury portion of the UIM claim, that doesn't preclude Allstate from using that resource, does it? | Doesn't apply; relevance | Sustained based upon current designations as it lacks context to make it understandable to jury/would only confuse. If Plaintiff wants to include this testimony, he needs to provide the relevant context (46:15-25). With context, Q/A is relevant as witness testifies that "it's possible" that Allstate could have chosen to use the appraisal process. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 9 | Page 49, line 22-Page 50, line 5<br>Q Allstate can't delegate its claim investigation to its insured or its insured's attorney, correct?<br>A. We wouldn't delegate the investigation,<br>but as a practical matter, we are often told by the attorney that they're going to gather information and send it to us rather than give us the means to obtain that information independently. | Legal conclusion | [Same as Objection #2] |
| 10 | Page 51, line 19-Page 51, line 23<br>Q But, for instance, if someone has a cracked windshield, you would have to investigate that, too, right?<br>A. Yes. | Relevance; vague | Overruled. Although not directly relevant. Illustrates the relevant point and testimony that Allstate views itself as having a duty to investigate all claims. |
| 11 | Page 58, line 23-Page 59, line 9<br>Q. And Allstate understands that there is a strong public policy in the state of Colorado that insurance claims should be paid promptly, correct?<br>A. Yes.<br>Q. And Allstate understands that there is a strong public policy in the state of Colorado that investigations and evaluations should be done promptly, correct?<br>A. Yes. | Assumes facts; foundation | Overruled. Question asks about Allstate's understanding and not the underlying fact of whether it actually is strong public policy in Colorado. To the extent Allstate did not have such an understanding, the witness could have testified as such. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 12 | Page 60, line 25-Page 61, line 5<br>Q. Isn't it true that when somebody has to go out and, for instance, obtain their own medical records to provide to Allstate, that it costs money to obtain those records, right?<br>A. Generally speaking, yes. | Speculation; relevance | Overruled. Relevant to extent part of the claims process requires claimant to provide medical records. No indication that Allstate lacks sufficient experience to form an understanding of the cost involved in obtaining medical records. |
| 13 | Page 61, line 10-Page 61, line 20<br>Q And if the insured has to pay to get those records, any amount that they receive from Allstate, they have to pay back those costs of obtaining those records, right?<br>A. Potentially, yes.<br>Q. So that would come out of the money that is going towards their settlement, right?<br>A. I suppose that's one way to look at it, yes. | Speculation; relevance | Overruled. Relevant to extent part of the claims process requires claimant to provide medical records. No indication that Allstate lacks sufficient experience to form an understanding of the cost involved in obtaining medical records and Allstate would know whether or not that cost is reimbursable as part of the claim or paid out of the claimant's own pocket. |
| 14 | Page 62, line 6-Page 62, line 9<br>Q. And Allstate understands that sometimes it costs thousands of dollars to obtain medical records from providers.<br>A. Right.· It depends on the case. | Speculation; relevance | Overruled. Relevant to extent part of the claims process requires claimant to provide medical records. No indication that Allstate lacks sufficient experience to form an understanding of the cost involved in obtaining medical records |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 15 | Page 66, line 14-Page 66, line 25<br>Q. what's Allstate's policy and procedure with respect to providing an expert medical report that it obtains to its insured for purposes of a claim evaluation and investigation?<br>A. We would share that report.<br>Q.· ·Immediately after they have – Allstate has received it?<br>A.· ·That would be the expectation, that, yes, if we're wanting to assess the claim value based on a report, that both parties should have access to the report. | 403 to the extent it refers to post-litigation | Overruled. Question does not relate to post-litigation, but rather is expressly related to reports obtained "for purposes of a claim evaluation and investigation." |
| 16 | Page 76, line 20-Page 77, line 3<br>Q. does Allstate agree that it is not allowed to deny a claim based upon information or evidence that our Colorado court system has said is inadmissible in a tort trial?<br>A. Yeah, I'm not prepared to answer that one. | Legal conclusion; misstates the law; contrary to the law of the case | Sustained. The Court will instruct the jury on the law. The question/answer provides no evidentiary value and runs the risk of confusing the jury about the appropriate legal standard |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 17 | Page 80, line 20-Page 81, line 11<br>Q. Can you read [copy of Colo. Rev. Stat. § 10-4-609], please?<br>A.· ·"The amount of the coverage available pursuant to this section shall not be reduced by a setoff from any other coverage, including, but not limited to, legal liability insurance, medical payments underinsured motorist motor vehicle insurance."<br>Q.· ·Does Allstate have any reason to dispute that that's the law in Colorado?<br>A.· ·No.<br>Q.  Does Allstate purport to abide by this provision of Colorado law?<br>A.· ·Yes. | Scope; legal conclusion; law of the case; 403; 702 | Overruled.  Topic 3 asks Allstate to produce a witness to discuss standards and guidelines for compliance with applicable law and Allstate agreed to produce a witness with regard to standards and guidelines applied to Plaintiff's claim.  Allstate's knowledge of and compliance with this law does not require expert testimony or a legal conclusion. |
| 18 | Page 81, line 21-Page 82, line 7<br>Q.  Do you train your adjusters specifically not to seek out collateral source information?<br>A.· ·We train them on how to evaluate the claim, so we have other states that we handle, obviously, and in several of those states, that sort of collateral source information is admissible, so we do seek it out in those states.· We do not seek it out in Colorado, as a practical matter, because we know it's not admissible in terms of what my health insurance paid to -- for these bills. | Legal conclusion; foundation; scope | Overruled.  Question asks about training and, in that context, witness explains why they do or do not seek collateral source information based upon their understanding of the law.  In response to Topic 3, Allstate agreed to provide a witness to testify as to the standards and guidelines it relied on when adjusting Plaintiff's Claim. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 19 | Page 83, line 21-Page 84, line 5<br>Q. Allstate agrees it would not be reasonable for its -- for it to base its decisions on amounts considered from collateral sources, correct?<br>A.· ·Right.· If your health insurance paid X, we're not saying that's what we owe.<br>Q. Because that's not what they're legally entitled to collect, correct?<br>A: Correct. | Scope; legal conclusion; law of the case; 403; 702 | Sustained in part and Overruled in Part. Overruled as to first Q/A, because it asks for information regarding how Allstate evaluates the value of a claim, but Sustained as to the second Q/A, because it asks for a legal conclusion – i.e., is phrased in terms of what the law requires as distinguished from how Allstate applies that law. Within scope, as Allstate agreed to produce a witness to testify as to Allstate's policies and procedures applicable to the evaluation of Plaintiff's claim. |
| 20 | Page 85, line 9-Page 85, line 20<br>Q.· ·(BY MR. NICHOLS)· Does Allstate consider it reasonable to consider the amounts paid by Medicare or Medicaid or any other collateral source in relation to somebody that does not receive benefits from that collateral source?<br>A.· ·I'm not prepared to answer that question.<br>Q. how are Medicare reimbursement rates relative to Jack Rooney?<br>A.· ·I'm not prepared to answer the question. | Scope; legal conclusion; law of the case; 403; 702; vague | Overruled. Within scope, as Allstate agreed to produce a witness to testify as to Allstate's policies and procedures applicable to the evaluation of Plaintiff's claim. Question inquires about how Allstate evaluates medical claims and thus does not call for expert testimony or a legal conclusion. |
| 21 | Page 89, line 18-Page 89, line 24<br>Q. And am I correct, then, in the past ten years, for instance, Allstate has never filed a case in a court of competent jurisdiction in order to resolve what it believes to be a reasonable disagreement?<br>A.· ·Not to my knowledge. | Relevance; scope; 403; 404b | Sustained. Whether Allstate has ever filed a lawsuit is overbroad and outside the scope of any of the topics on which the witness was designated to testify. It is also unclear what relevance this has. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 22 | Page 90, line 13-Page 90, line 20<br>Q.  And so why doesn't Allstate ever file that lawsuit in order to resolve the disagreement . . .in a court of competent jurisdiction?<br>A.· ·I'm not prepared to say why. | Relevance; scope; 403; 404b | Sustained.  Whether or why Allstate has ever filed a lawsuit is overbroad and outside the scope of any of the topics on which the witness was designated to testify.  It is also unclear what relevance this has. |
| 23 | Page 92, line 15-Page 93, line 9<br>Q. What is Allstate's reasonable basis for not agreeing to incur that expense in filing a lawsuit and making an insured do it instead?<br>A.· ·I -- yeah, I'm not prepared to answer that question.<br>Q. Why, in Colorado, in a UIM claim where Allstate believes they have a reasonable disagreement with their insured, they will<br> not agree to incur that expense of filing the lawsuit so that a court of competent jurisdiction can make a ruling on the disagreement?<br>A.· ·Well, if I'm understanding your question -- you're reading into it, but it seems to me like you're proposing a situation where we've been asked to incur that expense and refused, and I've never run into a case where we've been asked to incur that expense. | Relevance; scope; 403; 404b | Sustained in part and Overruled in Part.  Sustained as to the first Q/A, because it is overbroad and outside the scope of any of the topics on which the witness was designated, but Overruled as to the second question, because it asks about how Allstate handles claims similar to the Plaintiff's in this case (UIM claim in Colorado, in which there is a dispute about the reasonableness of the claim).  The Court does not understand this question to relate to "character" and thus Rule 404(b) is inapplicable. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 24 | Page 95, line 5-Page 95, line 14<br>Q.· ·Does Allstate know how much it costs to file a lawsuit in the state of Colorado?<br>A.· ·I'm not prepared to answer that one.<br>Q:  Does Allstate understand that it costs something in the nature of $450 for somebody to file a complaint?<br>A.· ·I'm not prepared to answer it. | Relevance; scope; 403; 404b | Sustained.  Outside the scope of any of the topics and the potential for prejudice and confusion outweighs any evidentiary value. |
| 25 | Page 96, line 1-Page 96, line 15<br>Q.  But generally, on your litigation claims, you're receiving bills from your attorneys for the costs of the litigation, correct?<br>A.· ·Yes.<br>Q. Including like filing fees and things like that, correct?<br>A.· ·I assume, yes.<br>Q: So you know generally that -- and Allstate knows that it costs money to file things in court?<br>A.· ·Yes. | Relevance; scope; 403; 404b | Sustained.  Outside the scope of any of the topics and the potential for prejudice and confusion outweighs any evidentiary value. |
| 26 | Page 109, line 15-Page 109, line 23<br>Q.· ·Based on your review of the factual record in this case, does Allstate believe that this is pretty typical of how Allstate underinsured motorist claims in Colorado are handled?<br>A.· ·Every claim is different, but it was fairly typical. | Vague; relevance | Overruled.  The Court does not find the question of whether Plaintiff's claim was typical of other UIM claims vague and whether Plaintiff's claim was unique or typical may have some relevance to whether Allstate's handling of that claim was reasonable. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 27 | Page 110, line 6-Page 110, line 21<br>Q.· ·After your review of this case, does Allstate believe that Deborah Benjamin should be counseled or critiqued in any way with respect to her handling of the claim?<br>A.· ·Yeah, I'm not prepared to answer that one.<br>Q:  Well, I mean, you've reviewed the file yourself, right?<br>A.· ·Yes.<br>Q.· ·You supervise Ms. Benjamin?<br>A.· ·I do now, yes.<br>Q.· ·And based on anything you saw in your review of the file, do you think that she needs to be counseled or critiqued?<br>A.· ·No. | Scope; relevance; 403; vague | Overruled.  The Court understands Plaintiff to be asking whether the adjustor handled Plaintiff's claim correctly or whether she should receive additional training to correct any mistakes made in the handling of the claim.  Such an inquiry is clearly relevant and also is within the scope of the topic addressing how Allstate adjusted Plaintiff's claim. |
| 28 | Page 113, line 2-Page 113, line 9<br>Q.· ·Sure.· So, I mean, that's something that is pretty readily ascertained by Allstate, to know whether or not you have stackable U policies?<br>A.· ·Yes.<br>Q.· ·And so is the fact of whether or not it's permissible to stack U policies in Colorado -- that's readily accessible to Allstate as well, correct?<br>A.· ·Yes. | Relevance; 403 | Sustained.  How accessible knowledge of a specific law about stacking is within Allstate is of limited relevance and the tone of the questioning is argumentative and may be prejudicial. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 29 | Page 114, line 3-Page 115, line 7<br>·Q.· ·What's your understanding as to how long stacking has been permitted in Colorado on UM/UIM policies?<br>A.· ·Well, the statute you gave me has an effective date of January 1, 2011.· So at least that long.<br>Q.· ·Sure.· Does Allstate have any reason to dispute that the statute was changed, effective January 1, 2008 --<br>A.· ·No.<br>Q.· ·-- to eliminate anti-stacking language provisions?<br>A.· ·I would have to see the statute, but I don't have any reason to dispute it.<br>Q  Sure.· So Allstate agrees that certainly no later than 2011, but probably no later than 2008 stacking of U policies has been permitted in Colorado?<br>A.· ·Correct.<br>Q.· ·So when Deborah Benjamin asked Mr. Rooney's attorneys in December of 2016 to provide legal authority for their assertion that stacking of U policies is permitted in Colorado, isn't it correct that Allstate's position is that that has been the law in Colorado for at least five years, but as long as eight years?<br>A.· ·I don't remember reading the note where she did that, but if she did, then I would agree with your question overall. | Relevance (there was only one policy, nothing to stack); 403 | Sustained in part and Overruled in Part.  Sustained as to the questions about how long stacking has been permitted in Colorado [114:3-22], as the length of time it has been permitted is not relevant and the argumentative nature is potentially prejudicial, but overruled as to the question about Ms. Benjamin's inquiry into the law as part of her adjustment of the claim [114:23-115:7].  Although Defendant objects on the basis of relevance because stacking is not involved in this case, Defendant has not objected to other testimony regarding stacking [See 111:12-22] and this particular question is specific to the adjuster's handling of Plaintiff's claim. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 30 | Page 116, line 21-Page 116, line 25<br>Q.· ·So this is, in fact, the way that Allstate expects its adjusters to act on a daily basis?<br>A.· ·Generally speaking, yes. | Vague; speculative | Sustained.  As framed question is vague and overbroad. |
| 31 | Page 117, line 8-Page 117, line 12<br>Q. Does Allstate agree that its interests are adverse to Mr. Rooney in this litigation?<br>A.· ·Generally speaking, yes. | Vague; litigation conduct; 403 | Overruled.  The Court does not find the question vague or the elicited response prejudicial or confusing. |
| 32 | Page 118, line 20-Page 119, line 1<br>Q.· ·So after reviewing this, does Allstate agree that it is precluded by Colorado from taking a recorded statement of its injured insured within 15 days of the loss?<br>A.· ·For the purposes of attempting to negotiate a settlement of the injury claim, yes. | Misstates the law; misleading | Overruled.  The question asks for how Allstate understands and applies the law when adjusting claims.  To extent interpreted as statement of law, not prejudicial.  Colo. Rev. Stat. § 13-21-301 (prohibiting seeking statement from injured under care of doctor within 15 days after accident for use in negotiating settlement or obtaining release).  The Court may instruct the jury that the Court will provide them with the legal principles they must apply. |
| 33 | Page 128, line 3-Page 128, line 9<br>·Q.· ·Does Allstate understand and agree that when somebody does not have health insurance, does not have Medicare, does not have Medicaid, typically there are no write-offs on their medical bills of the amount billed?<br>A.· ·Typically, yes. | Foundation; speculative | Overruled.  No indication that Allstate, which regularly processes claims involving medical injuries, does not have sufficient knowledge regarding write-offs on medical bills. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 34 | Page 131, line 1-Page 131, line 11<br>Q.· ·And it's true, is it not, that Allstate systematically never uses that tool in represented claims?<br>A.· ·I would disagree with the suggestion that there is some systematic policy not to use it.<br>Q. Isn't it true, as an institutional policy, Allstate specifically tells its adjusters, you cannot use the CPT Average Cost Dashboard in represented claims, that that's only for use in unrepresented claims? | Scope; relevance; 403 | Sustained in part and Overruled in Part. Overruled as to the first question as whether or not there is such a policy would have applied to the adjustment of Plaintiff's claim and thus is within the scope of the topic relating to the policies and procedures used to adjust Plaintiff's claim and is relevant. Sustained as to the second question as no response to the question was elicited at the deposition. |
| 35 | Page 131, line 24-Page 132, line 7<br>Q.· ·What am I referring to?<br>A.· ·There is a tool that the adjusters have available to go look up CPT codes based on geography and what the average bill is in that region.<br>Q.· ·So if it has that tool, why does it need the Mitchell program to look for that?<br>A.· ·Yeah.· I'm not prepared to answer. | Scope; relevance | Overrruled. Overruled as to the first Q/A, because the testimony clarifies the tool about which he previously testified [130:20-25] without objection. Overruled as to the second Q/A because the Court understands that the adjuster utilized the Mitchell program to evaluate Plaintiff's claim and Allstate, although objecting to providing a witness with regard to detailed information about the Mitchell program, agreed to produce a witness with regard to the investigation, handling, and evaluation of Plaintiff's claim (Topic 1). Inquiring why the Mitchell tool was used instead of the other tool thus appears relevant and within the scope. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 36 | Page 133, line 11-Page 135, line 12<br>·Q.· ·Okay.· And you would agree, would you not, that Allstate has a written policy that when an adjuster is working on an unrepresented claim, they may use the CPT Average Cost Dashboard to help estimate the amounts of those bills based on the service the injured parties received and the service area where the injured party was treated.<br>* * *<br>Q.· ·And so this is effectively an instruction on what to do when you're missing specials in a represented claim versus what to do when you're missing specials in an unrepresented claim, correct?<br>A.· ·Yes.<br>Q.· ·And those policies are different, correct?<br>* * *<br>A:  Okay.· Yes.· The two are different.<br>Q.· ·What's Allstate's reasonable basis for having different policies and procedures with respect to what its claim handers should do when they're missing medical specials on represented claims as opposed to unrepresented claims?<br>A.· ·I'm not prepared -- I'm not prepared to answer the question.<br>Q.· ·You have no understanding of why Allstate treats represented people differently?<br>A.· ·I'm not prepared to answer it.<br>Q.· Isn't this information that's regarding how Allstate handles UM/UIM claims in Colorado?<br>A.· ·Yes. | Scope; relevance; 403 | Overruled.  Allstate agreed to produce a witness to testify with regard to the policies and procedures used to adjust Plaintiff's claim and the witness agrees that this policy applied to the adjustment of UIM policies in Colorado. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 37 | Page 137, line 4-Page 137, line 15<br>Q.· ·So can you tell me what the -- Allstate's reasonable basis is for having a different standard for its adjusters as to what they are supposed to do in Colorado when they're missing medical specials on a UIM claim, for claims that are represented by an attorney as opposed to claims that are unrepresented by an attorney?<br>A.· ·And that's what I can't answer.· If you have a question about what is the policy, I can answer that for you.  As to what the reasonable basis is for having different policies, I am unable to answer that. | Scope; foundation; legal conclusion; relevance | Overruled.  Allstate agreed to produce a witness to testify with regard to the policies and procedures used to adjust Plaintiff's claim and the witness agrees that this policy applied to the adjustment of UIM policies in Colorado. |
| 38 | Page 137, line 21-Page 138, line 8<br>Q.· ·You don't think that Allstate's required to have a reasonable basis for treating its unrepresented insureds differently than its represented insureds?<br>A.· ·I'm not prepared to answer the question.<br>Q.· ·So Allstate doesn't know what its reasonable basis is for treating individuals that had the exact same -- to which it owes the exact same contractual duties differently because they have an attorney or they don't?<br>A.· ·I'm not prepared to answer the question. | Scope; foundation; legal conclusion; relevance | Sustained.  Although the Court finds the prior question regarding the basis for the policy applied to Plaintiff's claim relevant and within the scope, these questions are argumentative and relate to institutional knowledge and beliefs of Defendant that go beyond the scope of the designated topics. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 39 | Page 138, line 15-Page 139, line 1<br>Q.· ·But you agree, based upon this page, that you systematically have claim investigation tools that are available to adjusters handling unrepresented claims that are not available to adjusters handling represented claims?<br>A.· ·I disagree with that, too.· It's not that the tool -- the CPT Average Cost Dashboard is unavailable to represented adjusters.· It's a matter of we don't estimate the bills on represented claims.<br>Q.· ·Why?<br>A.· ·You're back into I can't answer territory.  I'm not prepared. | Scope; foundation; legal conclusion; relevance | Overruled.  Allstate agreed to produce a witness to testify with regard to the policies and procedures used to adjust Plaintiff's claim and the witness agrees that this policy applied to the adjustment of UIM policies in Colorado. |
| 40 | Page 139, line 8-Page 139, line 13<br>Q.· ·Do -- the claim handlers that you supervise that are dealing with represented claims, do you ever get those requests to use the CPT Average Cost Dashboard in represented claims?<br>A.· ·They wouldn't have to ask me if they wanted to use it.· They could just go use it. | Relevance | Overruled.  The Court finds it relevant that the CPT Average Cost Dashboard was an available tool to the adjuster evaluating Plaintiff's claim. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 41 | Page 143, line 2-Page 144, line 7<br>Q.· ·And as you stated before the break, there is a different standard for what adjusters are expected to do when they're missing medical specials in an unrepresented claim as opposed to a represented claim, correct?<br>A.· ·Correct.<br>Q.· ·And what's Allstate's reasonable basis for having that differentiation?<br>A.· ·Well, with the represented claims, we are -- we expect that the attorney has obtained the information already, basically; that in order to know what the claim is going to be worth, they've obtained medical records and bills.· So -- and if they haven't, they certainly have the experience and ability to go out and obtain them, the wherewithal; whereas with an unrepresented person, they're lacking that experience, generally speaking.· So it's an effort to try to assist them to be able to resolve their claim.<br>Q. Then why -- if Allstate has that expectation that the attorneys will provide them the medical records, why, in a represented claim, does Allstate still submit requests to attorneys to provide Allstate with medical records release authorizations?<br>A.· ·Well, we still want to have the ability to investigate the claim as best we can.· If the attorney's going to do that on their own, then as long as we're getting the information we need, we're fine with that.· But we always want to give the option of handling that investigation on our own. | Relevance | Overruled.  Allstate agreed to produce a witness to testify with regard to the policies and procedures used to adjust Plaintiff's claim and the witness agrees that this policy applied to the adjustment of UIM policies in Colorado. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 42 | Page 157, line 10-Page 157, line 14<br>Q. What's Allstate's reasonable basis for not [raising issue of medical release language]?<br>A.· ·I mean, you would have to ask Deb why she didn't raise that issue. | Legal conclusion | Overruled. The Court does not find the mere use of the phrase "reasonable basis" to call for a legal conclusion. Indeed, Defendant does not object to testimony in which the witness testified that Allstate needs to have a "reasonable basis" for refusing to consider a portion of the claim. [57:16-20] The Court may instruct the jury that the Court will provide them with the legal principles they must apply. |
| 43 | Page 158, line 8-Page 158, line 13<br>Q.· ·Did the med pay department ever make use of the medical records release authorization?<br>A.· ·Yeah, I'm not prepared to talk about what the med pay department did or didn't do. | Scope; relevance; 403 | Overruled. Witness testified that the medical records authorization provided was for med pay, so the question is relevant and within the scope of Topic 1 relating to Defendant's investigation, handling, and evaluation of Plaintiff's UIM claim. Although the medical portion of the claim may have been handled separately, the Court finds the question within the scope of the designated topic. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 44 | Page 159, line 7-Page 159, line 11<br>Q. Did the med pay department use Mitchell in evaluating the med pay claim?<br>A.· ·I'm not prepared to answer that one. | Scope; relevance; 403 | Overruled. Witness testified that the medical records authorization provided was for med pay, so the question is relevant and within the scope of Topic 1 relating to Defendant's investigation, handling, and evaluation of Plaintiff's UIM claim. Although the medical portion of the claim may have been handled separately, the Court finds the question within the scope of the designated topic. |
| 45 | Page 174, line 23-Page 175, line 1<br>Q.· ·And that is true with respect to any of Allstate's decisions; they have to be reasonable, correct?<br>A: Yes. | Vague; relevance | Overruled. The Court does not find the question vague, nor is there any indication that the witness did not understand the question, and Defendant's view on its obligation to make reasonable decisions in the adjustment of Plaintiff's claim is relevant. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 46 | Page 175, line 21-Page 176, line 17<br>Q.· I just sent you a Washington Post article dated Sunday April 30, 2006, and the portion I'd like to direct you to is on page 3. And you see where Mr. Wilson is being quoted there in the third paragraph?<br>Q.· ·Can you read that quote?<br>A.· ·Just the quote, without the context around it is, "Our obligation is to earn a return for our shareholders, not to assume risks from people for a price that is not fair and adequate."<br>Q.· ·Allstate's claims department's position is that it's their obligation to earn a return for its shareholders?<br>A.· ·Our obligation is to pay what we owe on the claims that are presented to us.<br>Q.· · So you disagree with Mr. Wilson on that point?<br>A.· ·I'm not prepared to opine on Mr. Wilson's statement. | Scope; relevance; 404; hearsay; 403; authentication | Sustained.  The Court agrees that the witness's opinion with regard to Mr. Wilson's alleged statement is outside the scope of the designated topics and—taken out of context and without application to the specific claim at issue—is of limited relevance that is outweighed by the potential for prejudice and confusion. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 47 | Page 177, line 8-Page 179, line 1<br>Q.··Can you turn to page 7 of 17 on this, and it appears to be a Bloomberg article that we're looking at, correct?<br>A.··Yes.<br>* * *<br>Q.··And that paragraph right above it is what I want to direct your attention to.· And here, do you agree, do you not -- Allstate agrees, does it not, that one of its former claim handlers is saying that its supervisors told them to lie?<br>A.··Yeah, I'm not prepared to answer any questions about this thing.<br>Q.··Do you disagree that this person said this?<br>A.··Said what?<br>Q.· Do you disagree that Ms. Katzman said that we were told to lie by our supervisors?<br>A.··It's the quote on the page, but I'm not prepared to talk about this at all.<br>Q.··Do you disagree that somebody at Allstate said it's tough to look at people and know you're lying?<br>A.··Again, all I can do is read what's here. I'm not prepared in any way -- I've never seen this before.<br>Q.··You agree that's what it says, though?<br>A.··That's what it says.<br>Q.··And she's talking about her work at Allstate, correct?<br>A.··It would appear | Scope; relevance; 404; hearsay; 403; authentication | Sustained.··The Court agrees that the witness's opinion with regard to Ms. Katzman's alleged statement is outside the scope of the designated topics and—taken out of context and without application to the specific claim at issue—is of limited relevance that is outweighed by the potential for prejudice and confusion. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|-----|-------------------------|------------------------|----------------|
| 48 | Page 181, line 5-Page 181, line 7<br>Q.· ·And the CPT Average Cost Dashboard, correct?<br>A.· ·Yes. | Relevance; scope | Overruled.  The question is a follow-up to the prior Q/A—to which there is no objection—about the tools available to adjusters and the witness had previously testified with regard to the use of the CPT Average Cost Dashboard. |
| 49 | Page 181, line 8-Page 181, line 19<br>Q.· ·Does Allstate acknowledge that the U.S. District Court for the District of Colorado has held that it is the amount of the medical expenses that are billed rather than the amount which is ultimately paid by collateral sources that establishes the amount of damages recoverable under Colorado law for medical expenses sustained by an accident victim?<br>A.· ·Yeah, I didn't review the ruling to know.<br>Q:  And that was in the -- that was Judge Arguello in Robinson versus Terwilliger case.· Have you ever heard of that? | Scope; relevance; legal conclusion; law of the case | Sustained.  Allstate's knowledge of a specific court ruling—as distinguished to Allstate's application of that holding to the claim at issue—is outside the scope of the designated topics and is not relevant. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 50 | Page 182, line 5-Page 182, line 11<br>Q.· ·Does Allstate acknowledge that Magistrate Judge Wong specifically told Allstate that it cannot reasonably rely on any collateral sources to evaluate medical bills for trial, in the Romero versus Allstate case?<br>A.· ·I'm not prepared to answer that one. | Relevance; legal conclusion; scope; law of the case | Sustained.  Allstate's knowledge of a specific court ruling—as distinguished to Allstate's application of that holding to the claim at issue—is outside the scope of the designated topics and is not relevant. |
| 51 | Page 188, line 13-Page 188, line 18<br>Q:  Despite the fact that Allstate was taking the position that he didn't have a valid UIM claim at that time and thus was denying it?<br>A.· ·We were still handling a med pay claim that it would have been relevant to. | Relevance; misstates evidence/argumentative (as denial) | Overruled.  Witness agreed with proposition that Allstate had concluded that Plaintiff didn't have a valid UIM claim [186:12-19] and Defendant is not objecting to that testimony.  This question merely expands on that unobjected-to testimony. |
| 52 | Page 190, line 24-Page 191, line 9<br>Q:  What's Allstate's reasonable basis for waiting until October of 2018 to hire a medical expert to review Mr. Rooney's claim and conduct an IME?<br>A.· ·It was at that point that we'd had enough information to review to believe that there was some question about the relatedness of the surgery that he was claiming was related to the accident.· So we wanted to get the medical expert opinion so we could resolve that question. | Post-litigation; relevance; 403 | Overruled.  Question addresses why a medical expert was not engaged during the pre-litigation evaluation of Plaintiff's claim. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 53 | Page 193, line 18-Page 194, line 1<br>Q:  Does Allstate agree that Dr. Castro's opinions, then, could not logically explain or justify any of Allstate's pre-litigation decisions or conduct because his opinions did not exist prior to the commencement of litigation?<br>A.· ·I don't think we asked him to justify our handling.· We've asked him to help us resolve the value dispute that's ongoing in this case. | Legal conclusion; misstates the law; relevance | Overruled.  The question is not framed in terms of a statement of law, but rather clarifies Allstate's rationale for engaging Dr. Castro.  The Court may instruct the jury that the Court will provide them with the legal principles they must apply. |
| 54 | Page 194, line 24-Page 195, line 6<br>Q.· ·But Allstate often hires doctors to offer opinions against their insureds in lawsuits such as this regarding injuries or treatment its insureds were claiming were caused by a particular accident, correct?<br>A.· ·We hire medical experts where we need their opinion to help resolve a dispute. | 403; 404; post-litigation conduct | Overruled.  Although somewhat argumentative, the Court does not find the question or resulting answer prejudicial or confusing to the jury.  The Court does not understand this question to relate to "character" and thus Rule 404 is inapplicable. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 55 | Page 197, line 2-Page 197, line 13<br>Q.· ·Does Allstate know of any medical providers that offer services for the rates that are produced during the Mitchell DecisionPoint program?<br>A.· ·Yeah, I'm not prepared to answer that.<br>Q.· · Does Allstate know of any medical providers that would be willing to accept the amount that Allstate evaluated to be reasonable using the Mitchell DecisionPoint program in Mr. Rooney's claim?<br>A.· ·I'm not prepared to answer it. | Scope | Overruled.  The Court finds that the questions relate to how Mitchell DecisionPoint was used to evaluate Plaintiff's specific claim, and Allstate agreed to produce a witness to address Allstate's evaluation of Plaintiff's claim.  Moreover, Plaintiff has designated subsequent testimony asking similar questions regarding Allstate's knowledge of the prices that medical providers would charge or accept for services [281:12-22], to which Defendant has not objected. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 56 | Page 198, line 20-Page 199, line 20<br>Q.· ·What is Allstate's understanding as to what Sentry Rules are in the Mitchell DecisionPoint program?<br>A.· ·I'm not prepared to answer questions with how Mitchell works.<br>Q.· ·Aren't the Sentry Rules, though, identified in those training materials that are sitting in front of you?<br>A.· ·They may be, but I'm not prepared to answer about the Mitchell tool.<br>Q.· ·Do you know what a Sentry Rule is?<br>A.· ·No, I'm not prepared to answer that.<br>Q. Isn't it true that Sentry Rules were applied to Mr. Rooney's medical bills via the Mitchell DecisionPoint program in this case?<br>A.· ·I imagine that they were.<br>Q.· · But you don't know what Sentry Rules are?<br>A.· ·I'm not prepared to answer about Sentry Rules. | Scope; and see objection and discussion on the record at pp. 199:21 – 201:9 | Sustained in Part and Overruled in Part.  Sustained as to the first three Q/As [198:20-199:10] as they relate to the operation of Mitchell DecisionPoint in general and the Court understands that Allstate offered to produce a different witness on those topics and Plaintiff declined.  Overruled as to final two questions [199:11-20], because they relate more directly to how Plaintiff's specific claim was evaluated, which is a topic for which Allstate agreed to produce a witness. |
| 57 | Page 201, line 16-Page 201, line 22<br>Q.· ·What is the Mitchell centralized input team?<br>A.· ·It's pretty much what it sounds like.  It's just a centralized group that we can submit medical bills to, to have them input the bills into the tool so that the adjuster can then utilize the tool. | Scope; relevance | Sustained.  The question appears to relate to the operation of Mitchell DecisionPoint in general and the Court understands that Allstate offered to produce a different witness on those topics and Plaintiff declined. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 58 | Page 207, line 1-Page 208, line 5<br>Q.· ·Here we have an e-mail dated January 7, 2019.· This is in regards to the Herrera versus Allstate matter.· Are you familiar with that case at all?<br>A.· ·It doesn't ring a bell.<br>Q.· ·Okay.· And you recognize Ms. Wagner, the author of this e-mail?<br>A.· ·Yes.<br>Q.· ·And she is outside counsel for Allstate on some first-party litigation in Colorado, correct?<br>A.· ·Yes.<br>* * *<br>Q.· ·And it says, "In relation to your question regarding the Mitchell consults and your request for the reports generated on various dates, it is our understanding that when Mitchell is updated for any reason, the report is updated and the prior reports are not retained."· Do you see that?<br>24· · · · · ·A.· ·Yeah.<br>Q:  Is that your understanding of how documents are or are not saved in the Mitchell program?<br>A.· ·Yeah, and I would say that this is still consistent with what I'm saying, as well. | Scope; foundation; hearsay; relevance; 403 | Sustained.  The referenced email relating to a separate lawsuit is outside the scope of the designated topics, as is the document retention policy within the Mitchell DecisionPoint program. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|-----|------------------------|------------------------|----------------|
| 59 | Page 211, line 21-Page 212, line 5<br>Q.· ·Wouldn't that comments section give us the explanation for why she decided to override these amounts that Mitchell generated?<br>A.· ·That is likely what would be there, yes.<br>Q.· ·And so without that, we have no way of knowing what the basis for those overrides were, do we?<br>A.· ·In this case, no. | Scope | Overruled.  This testimony relates directly to how Plaintiff's specific claim was evaluated, which is a topic for which Allstate agreed to produce a witness, and relates specifically to the prior testimony [211:5-20] to which there is no objection. |
| 60 | Page 212, line 6-Page 212, line 19<br>Q: Allstate understands that Medicaid pays much less for a service than what a doctor typically charges, correct?<br>A.· ·I didn't -- I didn't come prepared to talk about Medicare -- Medicaid reimbursement rates, but generally speaking, yes, that's been my experience.<br>Q.· ·And Allstate understands that some doctors won't even treat Medicare patients?<br>Q.· ·Because of that?<br>A.· ·And, again, I didn't come prepared to talk about that.· But from my personal experience, I've heard of that being the case. | Scope; relevance; foundation | Sustained.  Plaintiff has not designated testimony from this witness indicating that Medicaid or medicare rates were used to evaluate his claim and thus it is neither relevant nor within the scope of the topics for which this witness was designated. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 61 | Page 212, line 20-Page 213, line 2<br>Q.· ·And Allstate understands that the state of Colorado has determined that amounts paid by Medicare or Medicaid are also collateral sources that are inadmissible in determining what a customer is legally entitled to collect from the tortfeasor?<br>A. Yeah.  I'm not prepared to answer that question. | Scope; law of the case; foundation | Sustained.  Plaintiff has not designated testimony from this witness indicating that Medicaid or Medicare rates were used to evaluate his claim [215:24-216:5] and thus it lacks foundation, is not relevant, and is not within the scope of the topics for which this witness was designated.  The Court also finds the question misleading and given that no response was given, it has no evidentiary value. |
| 62 | Page 213, line 3-Page 213, line 22<br>Q.· ·And even though Allstate is aware that amounts Medicare or Medicaid charge are inadmissible for determining what a customer's legally entitled to collect, Allstate still, as a regular institutional practice, utilizes a service that gives it Medicare reimbursement rates to use for negotiating with claimants?<br>Q.· ·Is that correct?<br>A.· ·I interpret your question to be asking me how the Mitchell program works, and that's not something I came prepared to discuss.<br>Q.· · I am correct, am I not, that it would be utterly unreasonable for Allstate to decide to use collateral source numbers that it knows are inadmissible in a court of law in order to avoid making Fisher payments?<br>A.· ·I'm not prepared to ask (sic) that; it sounds like you're asking me for a legal conclusion. | Scope; law of the case; foundation | Sustained.  Plaintiff has not designated testimony from this witness indicating that Medicaid or Medicare rates were used to evaluate his claim [215:24-216:5] and thus it lacks foundation, is not relevant, and is not within the scope of the topics for which this witness was designated.  Moreover, the question relates to the operation of Mitchell DecisionPoint in general, a topic for which this witness was not designated.  The Court also finds the question misleading and given that no response was given, it has no evidentiary value. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 63 | Page 215, line 16-Page 216, line 5<br>Q.· ·And Allstate agrees that the Mitchell DecisionPoint program, in some way, uses Medicare reimbursement rates in evaluating the reasonableness of medical expenses being claimed by a person injured in a claim?<br>A.· ·Yeah, I didn't come prepared today to talk about how the Mitchell program works.<br>Q.· ·Well, didn't Allstate use Medicare reimbursement data to evaluate the reasonable value of Mr. Rooney's medical expenses in this case?<br>A.· ·Yeah.· Again, I'm not prepared to talk about how the Mitchell program works. | Scope | Sustained in Part and Overruled in Part.  Sustained as to the first Q/A as it relates to the operation of Mitchell DecisionPoint in general and the Court understands that Allstate offered to produce a different witness on those topics and Plaintiff declined.  Overruled as to final Q/A, because it relates directly to how Plaintiff's specific claim was evaluated, which is a topic for which Allstate agreed to produce a witness. |
| 64 | Page 218, line 8-Page 218, line 14<br>Q.· ·What is an EDR limit?<br>A.· ·Short for expected recovery date.<br>Q.· How was an expected recovery date calculated?<br>A.· ·I'm not prepared to answer that. | Scope | Overruled.  There is subsequent testimony [221:9-11]—to which Defendant does not object—establishing that an ERD adjustment was used in evaluating Plaintiff's claim.  This testimony thus is relevant to the adjustment of Plaintiff's claim, a topic for which the witness was designated. |
| 65 | Page 219, line 10-Page 219, line 24<br>Q.· ·So isn't this saying that Mitchell is denying all soft tissue medical treatment after 56 days of treatment automatically?<br>Q.· ·And I know you're going to tell me you didn't come prepared to talk about it.<br>A.· ·I didn't know if you were waiting on me or not.· Right.· I'm not prepared to talk about how Mitchell works. | Scope | Sustained.  Q/A relates to the operation of Mitchell DecisionPoint in general and the Court understands that Allstate offered to produce a different witness on those topics and Plaintiff declined.. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 66 | Page 221, line 12-Page 221, line 19<br>Q.· ·And so it's correct that Allstate's expectation would be that Deborah Benjamin would review that adjustment and determine whether or not that marking off treatment after 56 days is reasonable or not, correct?<br>A.· ·If that's the specific rule that's run in there, yes. | Scope | Overruled.  The Q/A is specific to how Plaintiff's claim was adjusted and thus is within the scope of Topic One for which the witness was designated. |
| 67 | Page 233, line 6-Page 233, line 11<br>Q.· ·Does the Mitchell program anywhere delineate whether these reports are for UM/UIM or med pay?· Is there any way we can look at these reports from the outside and make that determination?<br>A.· ·No.· I mean -- no, not that I can tell. | Scope | Overruled.  The context of the question relates to the specific Mitchell program report generated for Plaintiff's claim and thus the Court finds it to be within the scope of Topic One for which the witness was designated. |
| 68 | Page 235, line 12-Page 235, line 15<br>Q.· ·Would the state-specific book contain information about Colorado's billed-versus-paid law?<br>A.· ·I believe it does, yes. | 403; law of the case | Overruled.  The Q/A seeks to clarify the scope of information available to the adjuster.  It does not include a statement of law and the Court does not find it prejudicial or confusing. |
| 69 | Page 238, line 2-Page 238, line 10<br>Q.· ·Are you aware of whether or not Colorado -- or, excuse me, Allstate does anything to tune Colossus for specifically Colorado?.<br>A.· ·I'm not prepared to answer that.<br>Q.·  Do you know what I mean when I use the word "tune"?<br>A.· ·Only very generally. | Scope | Sustained.  The Q/A appears to seek information regarding how the Colossus software works.  Based upon the objections to the deposition notice and other information provided to the Court, the Court understands that Defendant only agreed to provide a witness to testify with regard to the use of Colossus specific to the evaluation of Plaintiff's claim.  The Q/A thus appears to exceed the scope of the topic for which the witness was designated. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 70 | Page 265, line 25-Page 266, line 19<br>Q.· ·Such as why isn't there a similar letter for Mitchell DecisionPoint?<br>A.· ·I'm not prepared to answer.<br>Q.· ·Or the CPT Average Cost Dashboard?<br>A.· ·I'm not prepared to answer.<br>Q.· ·Do you know where the CPT Average Cost Dashboard gets its data, what data is being related through that program?<br>A.· ·I'm not prepared to answer.<br>Q.· ·Presumably, since it's an average cost dashboard, it's not an average payment dashboard, it's the average amounts of how much medical providers are charging, not how much they are accepting as payment for services, correct?<br>A.· ·That's my assumption. | Scope; relevance | Sustained in Part and Overruled in Part.  Overruled as to the first Q/A [265:25-266:3] as it is a continuation of the prior questioning [265:3-24] to which there is no objection.  Sustained as to the remaining Q/As [266:4-19] as they seek information regarding how the software works, which is beyond the scope of any of the designated topics. |
| 71 | Page 279, line 2-Page 279, line 10<br>Q.· ·What's Allstate's reasonable basis for not having paid him UIM benefits as of today?<br>A.· ·Well, at the time the litigation was initiated, we were still trying to investigate the relatedness of the surgery.· Without the surgery being related, it appeared that he had been adequately compensated by the hundred thousand dollars that he received from American Family. | Post-litigation; relevance; 403; legal conclusion; foundation | Overruled.  The Court does not find the mere use of the phrase "reasonable basis" to call for a legal conclusion.  Indeed, Defendant does not object to testimony in which the witness testified that Allstate needs to have a "reasonable basis" for refusing to consider a portion of the claim.  [57:16-20]  The Court may instruct the jury that the Court will provide them with the legal principles they must apply.  The Court does not find the Q/A to be prejudicial or confusing, and it is relevant to the handling of Plaintiff's claim. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 72 | Page 282, line 6-Page 282, line 10<br>Q.· Can the CPT Average Cost Dashboard be used to estimate the cost of future medical services?<br>A.· ·Yeah, I'm not prepared to answer. | Scope; relevance | Sustained.  The Q/A relates to information regarding how the software works generally, which is beyond the scope of any of the designated topics. |
| 73 | Page 282, line 11-Page 282, line 14<br>Q.· Is Allstate familiar with an individual by the name of Jeffrey Thomas?<br>A.· ·I don't personally know that name, no. | Scope | Sustained.  The Q/A does not appear relevant or related to the topics for which the witness was designated as, at best, it relates to the use of Mitchell generally. |
| 74 | Page 283, line 2-Page 283, line 9<br>Q:  Does Allstate disagree with Mr. Thomas's statement in the Chung case that it uses the Mitchell DecisionPoint program as a cost-saving measure which it then uses to in turn pass on those savings to its customers in the form of reduced premiums?<br>A.· ·I'm not prepared to answer the question | Scope; 403; 404; hearsay; foundation; relevance | Sustained.  The Q/A is related to the use of Michell generally—a topic for which the witness was not designated.  The Court understands that Allstate offered to produce a different witness on those topics and Plaintiff declined.  Moreover, as phrased, the question is confusing and prejudicial as it references a statement made in a different case by an individual unassociated with the current case and without context. |

| No. | PLAINTIFF'S DESIGNATION | DEFENDANT'S OBJECTIONS | Court's Ruling |
|---|---|---|---|
| 75 | Page 283, line 13-Page 284, line 7<br>Q.· · does Allstate know how much Mr. Rooney's paid in UM/UIM premiums . . . [d]uring the time that he's been insured with Allstate?<br>A.· ·I didn't come prepared to answer that.<br>Q.· ·Does Allstate know whether or not his UIM premiums have decreased at all in the time that he's been insured with . . .  Allstate for UM/UIM?<br>A.· ·Yeah, I'm not prepared to answer.<br>Q.· ·Would Allstate be surprised to find out that his premiums never decreased during the time -- his UM/UIM premiums have never decreased during the time that he's been insured with Allstate?<br>A.· ·Yep, not prepared to answer. | Scope; relevance; 403 | Sustained.  None of the topics for which the witness was designated relate to the premiums paid by Plaintiff for his UIM coverage. |

DATED:  January 29, 2020          BY THE COURT:

                                   s/Scott T. Varholak
                                   United States Magistrate Judge